PRE-MARITAL EXAMINATIONS
Under 43 O.S. 31 [43-31] — 43 O.S. 37 [43-37] (1971), "examination" is limited to the standard serological test for syphilis defined in Section 35 and was not meant to include a physical examination. County Superintendents of Health, Medical Directors of County Health Departments, District Health Departments, Cooperative Health Departments and City-County Health Departments are subject to the Commissioner's direction with respect to administering tests for syphilis without charge. The Attorney General has considered your opinion request wherein you ask the following questions: "1. Do the statutes intend the word 'examination' to include a physical examination in addition to the standard serological test for syphilis? "2. Are County Superintendents of Health, Medical Directors of a County Health Department, District Health Department, Cooperative Health Departments and City-County Health Departments required to make the examination or tests for syphilis (As determined in question number 1) without charge as an employee under the supervision of the Commissioner of Health?" Oklahoma law requires persons seeking a marriage license within the State to provide a certificate or affidavit stating that the intended parties to the marriage contract have been given a standard serological examination. Title 43 O.S. 31 [43-31] (1971), provides: "Any person seeking to obtain a marriage license shall first file with the Court Clerk a certificate or affidavit from a duly licensed physician, licensed to practice within the State of Oklahoma, stating that each party to the marriage contract has been given a standard serological examination, as may be necessary for the discovery of syphilis . . . ." (Emphasis added) Under the general statutory heading Pre-Marital Examination For Syphilis, the Legislature sought to define the term "standard serological examination". 43 O.S. 35 [43-35] (1971), by stating: "A standard serological test shall be a laboratory test for syphilis, approved by the State Commissioner of Public Health, and shall be performed by the State Department of Public Health, on request, free of charge, or at a laboratory approved for this purpose by said State Department of Public Health." Throughout the act the term "examination" is used interchangeably with the defined term "standard serological test". Reference to the general topic of the act, dealing with pre-marital examinations to detect syphilis clearly precludes a broad interpretation of the word "examination", as a serological examination is the generally accepted method of detecting syphilis. The statutes taken in context do not contemplate the word "examination" to include a physical examination in addition to the standard serological test. Consequently, the legislative intent is apparent from a reading of the entire act, that tests and examinations conducted pursuant to this authority does not include physical examinations. With regard to your second question asking whether City and County Health Departments are to aid the State Commissioner of Health in administering serological examinations, we cite 63 O.S. 1-206 [63-1-206] (1971), which states: "A County Department of Health, a District Department of Health, a Cooperative Department of Health, and a City-County Department of Health, shall, in their respective jurisdictions, maintain programs for disease prevention and control, health education, guidance, maternal and child health, including school health services, environmental health, water pollution control, quality of public water supplies, health in the working environment, radiological health, safety, sanitation, nutrition and other matters affecting the public health; . . . assist the State Commissioner of Health in the performance of his official duties, and perform such other acts as may be required by the Commissioner; . . ." (Emphasis added) Clearly, this section of the Public Health Code directs health departments at the county and city level to "assist" the State Commissioner of Health in the performance of his official duties, and further, directs those local agencies to "perform such other acts as may be required by the Commissioner". Obviously, this would include administering serological examinations without charge as required of the Commissioner by 43 O.S. 31 [43-31] (1971). The terms of Section 63 O.S. 1-206 [63-1-206] specify that all County Departments of Health, District Departments of Health, Cooperative Departments of Health and all City-County Departments of Health are subject to the authority of the State Commissioner of Health, insofar as he may require their assistance in fulfilling his statutory duties. In 63 O.S. 1-204 [63-1-204] (1971), the Legislature specified the duties of County Superintendents of Health by stating: "The County Superintendent of Health, under the supervision of the State Commissioner of Health, shall have the following powers and duties; . . . enforce the provisions of this code, and rules and regulations of the State Board of Health, that are applicable to his county, and perform such other duties and functions as may be required of him by the Commissioner." (Emphasis added) The duties of the directors of City-County Health Departments are delineated in 63 O.S. 1-215 [63-1-215] (1971), which provides in pertinent part: "The Director of the City-County Health Departments shall direct and supervise all public health activities in the county, . . . such Director shall administer all municipal and county ordinances, rules and regulations relating to the public health matters, and he shall also administer state law, and rules and regulations of the State Board of Health pertaining to public health, subject to administrative supervision of the State Commissioner of Health. Any other power, authority, duties or functions which are now or may hereafter be conferred by law on county or city superintendents of public health are hereby conferred on such Director of the City-County Health Department." (Emphasis added) The language of Section 63 O.S. 1-215 [63-1-215] read in conjunction with Section 1-204 confers upon the Directors of City-County Health Departments all the duties required of County Superintendents of public health. Consequently, the duties enumerated by Section 63 O.S. 1-204 [63-1-204] prescribing the discretionary authority of the State Commissioner of Health is therefore fully applicable to directors of City-County Health Departments. A prior Attorney General's Opinion issued to G. F. Matthews, State Commissioner of Health, on February 13, 1954, held that local health departments were not required to perform without charge pre-marital examinations for syphilis at the direction of the State Commissioner of Health. This prior opinion turned on the interpretation of the now superceded statutes, 63 O.S. 510 [63-510] — 63 O.S. 516 [63-516](c) (1951) and 43 O.S. 34 [43-34] (1951), and was based upon the rationale that medical directors of local health departments are not employees of the State Commissioner of Health, and therefore, are not employed to assist the said Commissioner in the performance of his official duties. It is not the contention of this opinion to designate employees of local health departments as direct employees of the State Commissioner of Health, but it is clear from the legislation cited herein that local health departments and their employees are to assist the State Commissioner of Health in performing his official duty of administering pre-marital examinations for syphilis without charge. Therefore, this opinion overrules the prior Attorney General's Opinion with respect to the issue of the assistance which may be directed and required by the Commissioner. It is, therefore, the opinion of the Attorney General that your first question be answered in the negative. Title 43 O.S. 31 [43-31] — 43 O.S. 37 [43-37] (1971), directing pre-marital examinations for syphilis, do not intend the word "examination" to include a physical examination; accordingly, "examination" is limited to the standard serological test for syphilis defined in 43 O.S. 35 [43-35] (1971). Your second question as to whether County Superintendents of Health, Medical Directors of County Health Departments, District Health Departments, Cooperative Health Departments and City-County Health Departments, are subject to the Commissioner's direction to administer tests for syphilis without charge is to be answered in the affirmative. (Michael D. Tinney)